IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SYLVIA ROLDAN-CRUZ**<br><br>PLAINTIFFS<br><br>VS.<br><br>**COMMONWEALTH OF PUERTO RICO;**<br>**PUERTO RICO POLICE DEPARTMENT;**<br>**INSURANCE COMPANY XYZ;**<br>**COMPANY ABC;**<br>**JOHN & JANE DOE.**<br><br>DEFENDANTS | CIVIL NO. 24-1101<br><br>VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS PURSUANT TO SECTION 1983, FOURTH AMENDMENT AND FOURTEENTH AMENDMENT,<br>AND TORT DAMAGES<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, Sylvia Roldan-Cruz ("Plaintiff")**, through the undersigned attorney and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

1. Plaintiff's civil and constitutional rights were violated by multiple police officers of the Puerto Rico Police Department ("PRPD") and the Commonwealth of Puerto Rico ("PR") (jointly "Defendants"). Specifically, the Plaintiff was subjected to an illegal arrest, illegal detention and illegal search and seizure by various police officers without legal process, that is, without any warrant or probable cause. The Plaintiff suffered damages due to the violation of her civil and constitutional rights when she was subjected to an illegal arrest, illegal detention and illegal search and seizure.

2. Such actions constitute a disparate treatment by the Defendants based on violation of civil and constitutional rights pursuant to Section 1983 of the Civil Rights Act of 1871, ("Section

1983") and the Constitution of the United States ("US Constitution"), causing damages to the Plaintiff.

3. Plaintiff files this civil action against the Defendants based on the following: Violation of Civil and Constitutional Rights pursuant to Section 1983, 42 USC sec. 1983, *et seq.*, the Fourth Amendment of the US Constitution and the Fourteenth Amendment of the US Constitution and Section 10 of Article II of Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); and Tort Damages pursuant to Puerto Rico's Civil Code ("PRCC").

4. Plaintiff requests various remedies from this Honorable Court such as an award for 1) compensatory, punitive, double and liquidated damages, 2) declaratory, equitable and injunctive relief, and 3) any other relief which this Court may deem just. Additionally, the Plaintiff respectfully requests that the Defendants pays for all costs of this action, including attorneys' fees, costs, and/or expenses pursuant to the Federal Rules of Civil Procedures ("FRCP") and/or any other conforming law.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Section 1983 and the US Constitution.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to the PR Constitution and the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

9. Plaintiff, Sylvia Roldan-Cruz ("Plaintiff") is of legal age, domiciled and resident of Naguabo, Puerto Rico. Plaintiff's address is the following: Jardin Del Este, Calle Laurel 63, Naguabo, PR 00918. Plaintiff's e-mail address is sylvia.roldan18@gmail.com. Plaintiff's mobile number is 787226-0845.

10. Co-Defendant, Commonwealth of Puerto Rico is a Commonwealth organized and existing under the constitution and laws of the Commonwealth of Puerto Rico and of the United States of America. Commonwealth is being brought in this case because it is the real party of interest, due to the fact that the PRPD is an agency of the Commonwealth.

11. Co-Defendant, Puerto Rico Police Department is an authority and/or agency and/or a public or quasi-public corporation of the Commonwealth of Puerto Rico, with sufficient authority to sue and be sued. PRPD is dedicated to foster, promote, and enforce the law and order in Puerto Rico. PRPD's address is 601 Ave. Franklin Delano Roosevelt, San Juan, PR 00936.

12. Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendants. At the time of the incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, John & Jane Doe ("Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

15. On October 25th, 2023, the Plaintiff was notified that her mother, Mariana Cruz-Vazquez ("Plaintiff's mother") was illegally seized by Police and taken to a hospital at HIMA San Pablo at Caguas.

16. The Plaintiff went to HIMA San Pablo in Caguas to verify the status of Plaintiff's mother and to investigate why Plaintiff's mother was illegally seized by the Police.

17. When the Plaintiff arrived at HIMA San Pablo in Caguas, the Plaintiff was attended by two supervising nurses who led her to the room where Plaintiff's mother was being held.

18. The two supervising nurses told the Plaintiff that she could take Plaintiff's mother with her back to her home, because apparently there were no restrictions with regards to Plaintiff's mother.

19. On October 26th, 2023, the Plaintiff proceeded to take her mother back to her home at Jardin Del Este, Calle Laurel 63, Naguabo, PR 00918 ("Plaintiff's home").

20. On November 1st, 2023, the Plaintiff was returning from work to Plaintiff's home.

21. When she arrived, between approximately 7 pm up to 8 pm, three police officers were waiting for the Plaintiff outside Plaintiff's home.

22. The three police officers ordered the Plaintiff to open the entrance to Plaintiff's home so that the three police officers can seize Plaintiff's mother.

23. The Plaintiff inquired as to the presence of the police officers and demanded that they show her any court order and/or warrant to enter Plaintiff's home.

24. The three police officers indicated that they did not need to show any court order and/or warrant to enter Plaintiff's home.

25. However, the three police officers began to order the Plaintiff to sign certain documents as a waiver and consent form so that the three police officers may enter Plaintiff's home.

26. The Plaintiff refused to sign any waiver and consent form so that the three police officers may enter Plaintiff's home, and requested that the three police officers leave her premises.

27. However, the three police officers conduct and language became more aggressive when Plaintiff refused to sign any waiver and consent form so that the three police officers may enter Plaintiff's home, and requested that the three police officers leave her premises.

28. Ultimately, the three police officers seized and arrested the Plaintiff, thereby constraining the Plaintiff from her ability to freely walk away.

29. After arresting the Plaintiff, the three police officers ordered that the Plaintiff to sign the documents as a waiver and consent form so that the three police officers may enter Plaintiff's home.

30. The three police officers continued with their orders to the Plaintiff to sign the documents as a waiver and consent form so that the three police officers may enter Plaintiff's home, under the threat of obstruction of justice.

31. After the Plaintiff was arrested and being put under threat of obstruction of justice, the Plaintiff signed involuntarily the waiver and consent form so that the three police officers may enter Plaintiff's home.

32. The Plaintiff's signature of the waiver and consent form so that the three police officers may enter Plaintiff's home was obtained involuntarily after the Plaintiff was restrained from her liberty and arrested.

33. Before the three police officers arrested the Plaintiff, the Plaintiff did not incur in any action which merited probable cause to arrest the Plaintiff.

34. The Plaintiff was merely refusing to sign any waiver and consent form so that the three police officers may enter Plaintiff's home, and requested that the three police officers leave her premises.

35. Instead of complying with Plaintiff's request, the Plaintiff was immediately arrested illegally by the three police officers.

36. The three police officers then proceeded to illegally enter the Plaintiff's home to search for Plaintiff's mother.

37. The three police officers then proceeded to illegally searched and seized the Plaintiff's home to search for Plaintiff's mother.

38. During the illegal detention and arrest of the Plaintiff and without the Plaintiff's consent, the three police officers proceeded to illegally search and seize the Plaintiff's home.

39. The three police officers had no probable cause to search the Plaintiff's home.

40. The three police officers illegally detained and took away Plaintiff's mother.

41. The Plaintiff's mother was illegally detained and taken to the Hospital Ryder at Humacao.

42. After the Plaintiff was illegally arrested and detained by the three police officers, she was taken to the police station at Naguabo ("Police Station"), located at 46 Calle Muñoz Rivera, Naguabo, 00718.

43. The Plaintiff was illegally arrested and detained at the Police Station from November 1st until November 2nd of 2023.

44. On November 2nd of 2023, the Plaintiff was told by one of the police officers that she was going to be freed by instruction of the state prosecutor.

45. However, when the Plaintiff was being freed, she was personally given a subpoena to appear on November 15th, 2023 at the State Prosecutors office located at the Court of Humacao.

46. When the police officer served the subpoena to appear on November 15th, 2023 at the State Prosecutors office located at the Court of Humacao, the police officer told the Plaintiff this was his "gift".

47. When the Plaintiff was given the first subpoena, she was told she was being summoned for committing the crime of obstruction of justice.

48. The Plaintiff rejects the police officers' position that she committed the crime of obstruction of justice, because she simply refused to sign any waiver and consent form so that the three police officers may enter Plaintiff's home, and requested that the three police officers leave her premises.

49. On November 15th, 2023, the Plaintiff appeared at the State Prosecutors office located at the Court of Humacao.

50. However, no state prosecutor could attend the Plaintiff.

51. Therefore, the Plaintiff was served a second subpoena to appear on December 15th, 2023 at the State Prosecutors office located at the Court of Humacao.

52. When the Plaintiff was given the second subpoena, she was now being told she was being summoned for committing the crime of assault and battery.

53. Again, the Plaintiff rejects the police officers' position that she committed the crime of assault and battery, because she simply refused to sign any waiver and consent form so that the three police officers may enter Plaintiff's home, and requested that the three police officers leave her premises.

54. On December 15th, 2023, the Plaintiff appeared at the State Prosecutors office located at the Court of Humacao.

55. On that date, she was attended by state prosecutor.

56. The state prosecutor declined to charge the Plaintiff for either the crime of obstruction of justice or assault and battery.

57. The three police officers did not have probable cause during the illegal arrest, illegal detention and illegal search and seizure of the Plaintiff.

58. During the illegal arrest, detention and illegal search and seizure, the Plaintiff continuously asked the three police officers as to why she was being arrested, detained and searched and seizure.

59. The three police officers responded by telling the Plaintiff to shut up and wait until further notice.

60. However, the State Prosecutors understood that there existed no probable cause to charge the Plaintiff for any crime whatsoever.

61. Therefore, the Defendants admitted that no probable cause existed for the arrest, detention and illegal search and seizure of the Plaintiff and the Plaintiff's home.

62. Therefore, the Defendants and the three police officers are liable for violating the Plaintiff's civil and constitutional rights.

63. Specifically, the Plaintiff's civil and constitutional rights were violated when he was subjected to an illegal arrest, illegal detention and illegal search and seizure, when the Defendants had no probable cause to support the same.

64. The Defendants had no facts to support the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

65. The Defendants were acting under color of state law to conduct the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

66. The Defendants deprived the Plaintiff of her right to privacy when the Defendants conducted the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

67. The Defendants did not have probable cause to conduct the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

68. Based on the above, the Defendants violated the Plaintiff's civil and constitutional rights.

69. The arbitrary actions of the Defendants affected the Plaintiff with regards to her work conditions and employment.

70. The three police officers (jointly "Police Officers") are agents who are duly authorized by the Defendants, who committed and/or cooperated with the acts that violated the Plaintiff's civil and constitutional rights, thus imposing liability to the Defendants.

71. The Defendants had knowledge of the Police Officers' illegal actions. The Defendants did not take any proper action to rectify and/or avoid the illegal actions incurred by the Police Officers. The Defendants allowed the Police Officers to take the illegal actions against the Plaintiff, based on false pretextual grounds.

72. Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of Defendants' illegal actions. Company ABC did not take any proper action to rectify and/or avoid the illegal actions incurred by the Defendants. Company ABC allowed the Defendants to take the illegal actions against the Plaintiff, based on false pretextual grounds.

73. John & Jane Doe had knowledge of Defendants' illegal actions. John & Jane Doe did not take any proper action to rectify and/or avoid the illegal actions incurred by the Defendants. John & Jane Doe allowed the Defendants to take the illegal actions against the Plaintiff, based on false pretextual grounds.

74. At the time of these incidents, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the illegal actions.

75. The Plaintiffs suffered economic losses and deprivation of compensation and benefits. Plaintiffs have lost sleep and rest, felt humiliated and discriminated, and have been at loss of his peace of mind and emotional stability.

76. The Defendants are liable for all the Plaintiffs' damages.

## CAUSES OF ACTION

**SECTION 1983, FOURTH AMENDMENT, FOURTEENTH AMENDMENT**

77. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

78. The Fourth Amendment of the U.S. Constitution prohibits unreasonable searches and seizures. It states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

79. The Fourteenth Amendment of the U.S. Constitution states "Nor shall any state deprive any person of life, liberty or property, without due process of law."

80. Section 1983 provides a procedure for redress for the deprivation of rights.

81. In this case, the Defendants have violated the civil and constitutional rights of the Plaintiff when they conducted the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

82. The Defendants effectively violated the Plaintiff's Fourth Amendment rights of privacy when they conducted the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

83. The Defendants effectively violated the Plaintiff's Fourteenth Amendment rights when the Defendants violated the due process of law when they conducted without probable cause the illegal arrest, illegal detention, illegal search and seizure of the Plaintiff, the Plaintiff's home and the illegal detention of Plaintiff's mother.

84. The Defendants respond for all actions, and because at all times relevant and

11

material hereto, it was acting pursuant to a municipal policy and/or custom, and the actions giving rise to this Complaint arise from acts of policy making officials for which the municipality is responsible under Section 1983.

85. Therefore, the Defendants are liable to Plaintiff, in whole or in part, for the actions herein described and the damages suffered by the Plaintiff.

86. The Plaintiff's damages cannot be reasonably calculated at this time, but it is estimated that the Defendants are liable for no less than one million dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION

## TORTS

87. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

88. Defendants had a duty of reasonable care as a prudent and reasonable person under the circumstances in order to not cause harm to the Plaintiff.

89. Defendants breached their duty of reasonable care by not acting as a prudent and reasonable person under the circumstances, thus causing harm to the Plaintiff.

90. Defendants' actions constitute an act or omission which caused damages to the Plaintiff. Said act or omission was incurred due to fault or negligence.

91. Defendants are liable to Plaintiff.

92. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

93. John & Jane Doe's are liable to Plaintiff.

94. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

95. Company ABC is liable to Plaintiff.

96. The Defendants are vicariously liable for damages caused by their officers and/or employees in their service.

97. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

98. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

99. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

100. As a direct result of the acts and omissions of all the Defendants, Plaintiffs suffer continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

101. The Plaintiff's damages cannot be reasonably calculated at this time, but are estimated in an amount no less than five hundred thousand dollars ($500,000.00).

## THIRD CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

102. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

103. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## FOURTH CAUSE OF ACTION

## ATTORNEYS FEES AND PREJUDGMENT INTEREST

104. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

105. Defendants are liable to Plaintiff for attorney's fees and costs pursuant to federal and state laws.

106. Defendants are liable for prejudgment interest pursuant to federal and state laws.

## DEMAND FOR JURY TRIAL

107. Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Violation of Civil and Constitutional Rights pursuant to Section 1983, 42 USC sec. 1983, *et seq.*, the Fourth Amendment of the US Constitution and the Fourteenth Amendment of the US Constitution and Section 10 of Article II of PR Constitution; and Tort Damages pursuant to PRCC.

2. An order directing Defendants to reinstate Plaintiff to her former position and to cease and desist of any further illegal conduct.

3. Awarding Plaintiff the amounts before mentioned in the Complaint.

4. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

5. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 5th day of March, 2024.

>*/S/VICTOR M. RIVERA-RIOS*
>VICTOR M. RIVERA-RIOS
>USDC BAR NUMBER 301202
>1420 FERNANDEZ JUNCOS AVE
>SAN JUAN, PR 00909
>Tel: (787) 727-5710
>Cel: (787) 565-3477
>E-Mail: victorriverarios@rcrtrblaw.com
>info.vrr@rcrtrblaw.com