**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SYLVIA ROLDÁN-CRUZ<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO et als<br><br>Defendants | CIVIL NO. 24-1101 GMM<br><br>Violation of Civil and Constitutional Rights |

**MOTON TO DISMISS UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE COURT:

COMES NOW, the Department of Justice of the Commonwealth of Puerto Rico, on behalf of Defendants Commonwealth of Puerto Rico and the Puerto Rico Police Bureau, represented by the undersigned counsel and respectfully states and prays as follows:

## I. INTRODUCTION

Plaintiff filed this Section 1983 case on March 5, 2024, for violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article II Section 10 of the Constitution of the Commonwealth of Puerto Rico (Docket No. 1).[1] Her factual allegations may be summarized as follows:

Plaintiff is a resident of Naguabo, Puerto Rico (Docket No. 1, ¶9). On October 25, 2023, she was notified that her mother had been seized by the Puerto Rico Police and taken to a hospital at Caguas, Puerto Rico, and she went there to investigate the reasons for such seizure (*Id*., ¶¶ 15-

---

[1] She seeks declaratory, equitable, injunctive, and compensatory relief, as well as punitive and liquidated damages for an alleged illegal search and arrest. *Id.,* ¶4.

1

16). At Plaintiff's arrival to the hospital, two nurses took her to her mother's room, and informed Plaintiff that she could take her mother home, since there were no restrictions on her (*Id*., ¶¶ 17-18). On October 26, 2023, Plaintiff took her mother to Plaintiff's home (*Id*., ¶19). On November 1, 2023, when Plaintiff returned home from her work, three police officers were waiting for her (*Id*., ¶20). The officers ordered Plaintiff to open her home, so they could seize her mother (*Id*., ¶22). When Plaintiff inquired as to the officer's presence and demanded to see any court order or warrant to enter her home, the officers told her they did not need to show her any order and ordered her to sign waiver and consent forms so they could enter her home (*Id.,* ¶¶23-25). Plaintiff refused to sign the documents, asked the officers to leave the premises, and the officer's conduct and language became more aggressive, and ultimately arrested her (*Id*., ¶¶26-28).

After her arrest, Plaintiff involuntarily signed the waiver, the officers entered her home, and searched it without probable cause (*Id.,* ¶¶ 30-39). In that search, Plaintiff's mother was seized and taken to a hospital in Humacao (*Id.,* ¶¶ 40-41). Once arrested, Plaintiff was taken to the Naguabo Police Station, until November 2, 2023, when she was told by one of the police officers that she was going to be freed on instructions by a state prosecutor (*Id.,* ¶¶ 42-44). Nevertheless, she was subpoenaed to appear at the State Prosecutor's Office in Humacao on November 15, 2024 (*Id.*, ¶45). Plaintiff went to that office in that date, but no prosecutor attended her (*Id.,* ¶¶ 49-50). She was then subpoenaed again, to appear on December 15, 2023, which she did (*Id., ¶¶*52-54). On that date, a state prosecutor met with her and declined to charge her for any crime, believing that no probable cause existed to charge her for any crime (*Id*., ¶¶ 54-55 & 60).

Based on these alleged events, Plaintiff claims she was subject to an illegal arrest, illegal detention, and search and seizure without probable cause, in violation of her civil and constitutional rights (Docket No. 1, ¶¶63-65), and that Defendants had knowledge of such illegal

2

actions and are therefore liable to Plaintiff for her economic and emotional damages and losses (*Id.*, ¶¶71, 75-76). Plaintiff seeks monetary compensation in the amount of $1.5 million dollars (*Id*., ¶¶86 & 101), attorney's fees, costs and for an order "directing Defendants to reinstate Plaintiff to her former position and to cease and desist of any further illegal conduct" (*Id.*, p. 14, ¶¶2-4).[2]

Defendants Commonwealth of Puerto Rico and the Puerto Rico Police Bureau move for the Court to dismiss all claims for monetary compensation against them, on the grounds of sovereign immunity under the Eleventh Amendment to the United States Constitution. All claims for injunctive relief must be dismissed as well, for failure to name a state official who can appropriately respond to injunctive relief. Finally, claims under the Constitution of the Commonwealth of Puerto Rico must be dismissed as lacking an independent ground for federal jurisdiction. The Complaint therefore fails to state a claim on which relief can be granted by the Court and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### A. Standard of Review under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to assert the defense of failure to state a claim upon which relief can be granted, before pleading, if a responsive pleading is allowed. Pursuant to 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy and Safer Products, Inc.*, 68 F.3d 252, 530 (1st Cir. 1995). The Court accepts all well pleaded-factual allegations as true and indulges all reasonable inferences in Plaintiff's favor. *See Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006). The Court need not credit,

---

[2] The Complaint at no point referred to Plaintiff's employment nor to an employment termination linked to her causes of action.

however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *See Aulson v. Blanchard*, 83 F3d 1, 3 (1st Cir. 1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *See McCoy v. Massachusetts Institute of Technology*, 950 F2d 13, 22 (1st Cir. 1991). Plaintiffs are responsible for putting their best foot forward to present a legal theory that will support their claim. *Id.*, at 23. Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under actionable theory." *See Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir 1988). A complaint is properly dismissed for failure to state a claim "only if the facts lend themselves to no viable theories of recovery." *See Luc v. Wyndham Management Corp.*, 496 F3d 85, 88 (1st Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 1964-65. The Supreme Court further explained that the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true". *Id.*, at 1965. Subsequently, the Supreme Court reiterated that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008).

### B. Eleventh Amendment Immunity.

Although Section 1983 provides an avenue to remedy many deprivations of civil liberties in federal court, it "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Department of State Police,* 491 U.S. 58, 66 (1989). The Eleventh Amendment bars lawsuits for monetary damages against a State in federal court, unless said State has waived its immunity or unless Congress has expressly overridden that immunity. *See* CONST. Amend. XI; *Will v. Michigan,* 491 U.S. at 66 (citing *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 472-473 (1987) (plurality opinion)); *O'Neill v. Baker,* 210 F.3d 41 (1st Cir. 2000). Furthermore, "neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." *Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir. 1991).

Puerto Rico has long been considered a state for Eleventh Amendment purposes. *See Irizarry–Mora v. Univ. of Puerto Rico,* 647 F.3d 9 (1st Cir. 2011); *Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth.,* 991 F.2d 935 (1st Cir. 1993). "The Eleventh Amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc." *Culebra Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516 (1st Cir.1987) (citing *Ramirez v. P.R. Fire Service,* 715 F.2d 694, 697 (1st Cir.1983) and *Kentucky v. Graham,* 473 U.S. 159 (1985)) (emphasis in the original); *Maysonet–Robles v. Cabrero,* 323 F.3d 43 (1st Cir.2003).

The Puerto Rico Police Bureau is an arm of the state, entitled to immunity under the Eleventh Amendment and therefore protected against individual suits for money damages. *López Rosario v. Police Department,* 126 F.Supp.2d 167, 170-171 (D.P.R., 2000); *Reyes v. Supervisor*

of DEA, 834 F.2d. 1093, 1097-1098 (1st Cir., 1987); *Marrero Marcial v. Pierluisi Urrutia,* 2023 WL 6317985 (D.P.R., September 28, 2023); *Camacho Morales v. Caldero,* 68 F.Supp.3d. 261, 273 (D.P.R., 2014); *Santiago-Rodríguez v. Puerto Rico*, 546 F. Supp. 3d 155, 159 (D.P.R. 2021); *Hernández-Zorrilla v. Rosselló-Nevares*, 2021 WL 1931956, at *3 (D.P.R. May 12, 2021); *Arroyo v. Puerto Rico Police Department*, 60 F. Supp. 3d 327, 330 (D.P.R. 2014) *Nieves Cruz v. Com. Of Puerto Rico*, 425 F. Supp. 2d 188, 192 (D.P.R. 2006); *Sánchez Ramos v. Puerto Rico Police Department*, 392 F. Supp. 2d 167, 177 (D.P.R. 2005); *Cestero v. Rosa* 996 F. Supp. 133, 142-43 (D.P.R. 1998).

Plaintiff's claims for injunctive relief also fail to state a claim entitling her to legal relief because she failed in her pleadings to name a state official against whom such injunction should be directed, as required for a Section 1983 claim. See *Hartmann v. California Department of Corrections and Rehabilitation*, 707 F.3d. 1114, 1127 (9th Cir. 2013) ("[A] plaintiff need only identify the law or policy challenged as a constitutional violation **and** name the official within the entity who can appropriately respond to injunctive relief")(emphasis added); *Colwell v. Bannister*, 763 F.3d. 1060, 1070 (9th Cir., 2014); *Riley's American Heritage Farms v. Elsasser,* 32 F.4th 707, 732 (9th Cir., 2022); *Blanford v. Dunleavy*, 566 F.Supp.3d 969, 981 (D. Alaska, 2021)(For injunctive relief exception to Eleventh Amendment to apply, the claim must be brought against state officials with the ability to provide injunctive relief in their official capacities).

Plaintiff is therefore constitutionally barred from seeking monetary relief and pressing before this Court claims for injunctive relief against the Commonwealth and the Puerto Rico Police Bureau. Such claims should be dismissed at this stage of the proceedings.

### C. Pendent Claims Under the Laws of Puerto Rico.

After dismissing all of Plaintiffs' federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims under the Constitution of the Commonwealth of Puerto Rico. "[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction.'" *Figueroa v. Alejandro,* 597 F.3d 423, 431 n. 10 (1st Cir. 2010)(*quoting* 28 U.S.C. § 1367(c)(3)); *see Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1176 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."); *see also Rojas-Velázquez v. Figueroa-Sancha,* 676 F.3d 206, 213 (1st Cir. 2012) ("Because the only federal claims in this suit were properly dismissed ... the court's decision not to exercise supplemental jurisdiction over the pendent claims cannot seriously be questioned"). Although "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims," the usual case will point toward declining to exercise jurisdiction over the remaining state-law claims when the Court balances the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity. *Id.* at 1176; *see also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988); *Feliu-Padilla v. Puerto Rico Industrial Development Co.*, 2013 WL 4401220 *12 (D.P.R. 2013).

The dismissal of Plaintiffs' federal law claims, on the grounds set forth in this motion, should lead this Court to dismiss their Puerto Rico law claims, since there will be no independent ground for the exercise of federal jurisdiction.

### III.   CONCLUSION & PRAYER FOR RELIEF

Plaintiff has failed in her pleadings to state claims upon which relief may be granted by the Court. As to her monetary relief claims, the Commonwealth and Puerto Rico's Police Bureau are shielded by sovereign immunity under the Eleventh Amendment's. As to injunctive relief, while an exception for such relief exists under the Eleventh Amendment, Plaintiff did not identify in her pleadings a state official against whom such injunction can be directed, an essential element for such claim. As to her claims under the Constitution of the Commonwealth of Puerto Rico, lacking any independent basis for federal jurisdiction, these should also be dismissed by the Court without prejudice.

WHEREFORE, it is respectfully requested from this Honorable Court that this motion be granted, and that Plaintiff's claims against the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau be dismissed, on the legal grounds set forth in this motion.

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a digital copy of this document with the Clerk of the Court, who will automatically serve copy of such filing to all parties officially registered in the CM/ECF System.

In San Juan, Puerto Rico, this 26th day of March 2024.

| | |
|---|---|
| **DOMINGO EMANUELLI HERNÁNDEZ**<br>Secretary of Justice<br><br>**SUSANA PEÑAGARÍCANO-BROWN**<br>Secretary in Charge of Litigation<br><br>**MARCIA PÉREZ-LLAVONA**<br>Director of Legal Affairs<br>Federal Litigation and Bankruptcy Division | *s/ José R. Cintrón Rodríguez*<br>**José R. Cintrón Rodríguez**<br>USDC No. 204905<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00902-0192<br>Email: jose.cintron@justicia.pr.gov<br>Phone: 787-721-2900 Ext. 1480 |