IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Sylvia Roldán-Cruz, <br><br> Plaintiff, <br><br> v. <br><br> Commonwealth of Puerto Rico, et al., <br><br> Defendants. | Civil No. 24-1101(GMM) |

<u>OPINION AND ORDER</u>

Pending before the Court is the Commonwealth of Puerto Rico ("Commonwealth") and the Puerto Rico Police Bureau's ("PRPB") (collectively, "co-defendants") *Motion to Dismiss First Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6)* ("Motion to Dismiss Amended Complaint"). (Docket No. 13). For the reasons stated below, the Motion to Dismiss Amended Complaint is **GRANTED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Sylvia Roldán-Cruz ("Plaintiff") is a resident of Naguabo, Puerto Rico. (Docket No. 11 ¶ 9). PRPB is an authority of the Commonwealth "dedicated to foster, promote, and enforce the law and order in Puerto Rico." (<u>Id.</u> ¶ 11). Agent Sarmiento, Agent Santiago, Agent Peña, Agent Isaias Ortiz Valentin ("Agent Ortiz"), and Agent Carlos Cruz ("Agent Cruz") are co-defendants in this

---

[1] It should be noted that the factual background described by the Court is derived from the *First Amended Complaint* at Docket No. 11.

Civil No. 24-1101(GMM)
Page -2-

case and Police Officers for the PRPB. (Id. ¶¶ 12-16).[2] Plaintiff contends that co-defendants are "vicariously liable for damages caused by their officers [agents] and/or employees in their service." (Id. ¶ 104).

On October 25, 2023, Plaintiff was notified that her mother, Mariana Cruz-Vázquez ("Plaintiff's Mother"), was seized by Agent Cruz and taken to a hospital at HIMA San Pablo in Caguas ("Hospital"). (Id. ¶¶ 20-21). At the Hospital, two supervising nurses informed Plaintiff that she was free to leave the Hospital with her mother without restrictions. (Id. ¶¶ 23-24). As such, on October 26, 2023, Plaintiff left the Hospital with Plaintiff's Mother and they both returned to her home at Jardin Del Este, Calle Laurel 63, Naguabo, PR 00918 ("Plaintiff's home"). (Docket No. 11 ¶ 25).

On November 1, 2023, upon returning home from work, Plaintiff was met by four PRPB officers: Agent Sarmiento, Agent Santiago, Agent Peña, and Agent Ortiz (collectively "PRPB Officers"). (Id. ¶¶ 26-28). The PRPB Officers allegedly demanded entry into Plaintiff's home so that they could arrest Plaintiff's Mother. (Id. ¶ 30). However, when Plaintiff asked the PRPB Officers for a court order or warrant, they purportedly told her that any such

---

[2] The Court notes that the named officers are not movants in the Motion to Dismiss Amended Complaint.

documentation was not required for them to enter the premises. (Id. ¶¶ 31-32). The PRPB Officers proceeded to order Plaintiff to sign a waiver of consent to allow them entry to her home so that they could arrest Plaintiff's Mother. (Id. ¶ 33). When Plaintiff refused to sign the waiver and asked the PRPB Officers to leave the premises, the PRPB Officers' conduct and language became more aggressive, and they eventually used force to arrest Plaintiff. (Id. ¶¶ 34-36).

After arresting and restraining Plaintiff, the PRPB Officers again ordered her to sign the waiver and consent form and threatened to charge her with obstruction of justice if she declined to comply. (Docket No. 11 ¶ 38). Plaintiff contends that she then signed the waiver against her will. (Id. ¶ 39). According to Plaintiff, the PRPB Officers then entered Plaintiff's home without probable cause and searched it, ultimately detaining Plaintiff's Mother and taking her to Hospital Ryder at Humacao. (Id. ¶¶ 44-49).

Plaintiff herself was arrested, detained, and taken to the police station in Naguabo, Puerto Rico ("Police Station"), located at 46 Calle Munoz Rivera, Naguabo, 000718. (Id. ¶ 50). She was detained at the Police Station from November 1, 2023 to November 2, 2023. (Id. ¶¶ 51-52). Upon her release, Plaintiff was served by a State Prosecutor a subpoena to appear on November 15, 2023, at

Civil No. 24-1101(GMM)
Page -4-

the State Prosecutors office located at the State Court of First Instance of Humacao ("Prosecutors Office") for committing the crime of obstruction of justice. (Id. ¶¶ 53- 55).

On November 15, 2023, Plaintiff reported to the Prosecutor's Office but was unable to meet with a state prosecutor. (Docket No. 11 ¶¶ 57-58). Plaintiff was then served a second subpoena to appear at the Prosecutor's Office on December 15, 2023, this time for committing the crime of assault and battery. (Id. ¶¶ 59-60). Upon reporting at the Prosecutor's Office on December 15, 2023, Plaintiff met with a State Prosecutor, who ultimately declined to move forward with any of the charges after allegedly finding no probable cause for Plaintiffs' arrest, search, and detention. (Id. ¶¶ 62-65).

On March 5, 2024, Plaintiff initiated these proceedings alleging that multiple police officers of the PRPB and the Commonwealth violated her civil and constitutional rights ("Complaint"). (Docket No. 1).

On May 14, 2024, Plaintiff filed her *First Amended Complaint* ("Amended Complaint") seeking monetary damages and injunctive relief for alleged violations of her rights under 42 U.S.C. § 1983 ("Section 1983"). (Docket No. 11). On May 24, 2024, the Defendants filed their Motion to Dismiss Amended Complaint. (Docket No. 13). The co-defendants argue in the Motion to Dismiss Amended Complaint

that they are protected by the Eleventh Amendment immunity and thus Plaintiff failed to raise a claim upon which relief can be granted. (Docket No. 13 at 2).

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a defendant may move for the dismissal of a complaint that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to support a plausible claim for relief. *See* Doe v. Stonehill College, Inc., 55 F.4th 302, 316 (1st Cir. 2022); *see also* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (A plaintiff has the "obligation to provide the grounds of his entitle[ment] to relief. . ." (internal quotation marks omitted)); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the Court can reasonably infer that the defendant is liable for the misconduct alleged." Rodriguez-Wilson v. Banco Santander de Puerto Rico, 501 F.Supp.3d 53, 56 (D.P.R. 2020) (*citing* Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir.2011). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a

court] to draw on [its] judicial experience and common sense."
Zenón v. Guzmán, 924 F.3d 611, 616 (1st Cir. 2019) (internal
quotation marks omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, a court
"accept[s] as true all well-pleaded facts in the complaint and
draw[s] all reasonable inferences in favor of the plaintiffs."
Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st
Cir. 2009) (citing Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir.
2008)); see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico,
594 F.Supp.3d 433, 443 (D.P.R. 2019) (citing Miss. Pub. Employees'
Ret. Sys. v. Boston Scientific Corp., 523 F.3d 75, 85 (1st Cir.
2008)) ("The Court accepts as true the non-conclusory factual
allegations in the complaint and draws all reasonable inferences
in the plaintiff's favor."). However, the court does not "credit
conclusory legal allegations [or] factual allegations that are too
meager, vague, or conclusory to remove the possibility of relief
from the realm of mere conjecture." Douglas v. Hirshon, 63 F.4th
49, 55 (1st Cir. 2023); see also Schatz v. Republican State
Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (Plainly, a
court "ignore[s] statements in the complaint that simply offer
legal labels and conclusions or merely rehash cause-of-action
elements."). Ultimately, a complaint's well-pled facts must nudge

Civil No. 24-1101(GMM)
Page -7-

a claim "across the line from conceivable to plausible." <u>Ashcroft</u>,

556 U.S. at 680 (*citing* <u>Twombly</u>, 550 U.S. at 570).

### III. APPLICABLE LAW AND ANALYSIS

The Amended Complaint alleges that the PRPB Officers'
violated Plaintiff's rights under Section 1983 and the Fourth and
Fourteenth Amendments of the United States Constitution. (Docket
No. 11 ¶¶ 85-94). Plaintiff also brings a torts claim contending
that the PRPB Officers violated their duty of reasonable care and,
consequently, caused her harm. (<u>Id.</u> ¶¶ 95-109). Co-defendants,
conversely, argue that Eleventh Amendment immunity protects them
from liability for Plaintiff's claims and thus, the Court should
grant their Motion to Dismiss Amended Complaint. (Docket No. 13).
The Court considers each of Plaintiff's primary causes of action
in turn.

A.    <u>Section 1983 and the Fourth and Fourteenth Amendments of the
United States Constitution</u>

Section 1983 provides:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory.
. .subjects, or causes to be subjected, any citizen of
the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution
and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding
for redress.

As such, Section 1983 creates "a private right of action for violations of federally protected rights." Ondina-Gordo v. Banco Santander, S.A., 542 F.Supp.3d 129, 131 (D.P.R. 2021) (*quoting* Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)). The Supreme Court has clarified that Section 1983 does not itself establish any substantive rights "but provides a venue for vindicating federal rights elsewhere conferred." Marrero-Sáez v. Municipality of Aibonito, 668 F.Supp.2d 327, 332 (D.P.R. 2009) (*citing* Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989)); *see also* Cruz-Erazo v. Rivera-Montañez*, 212 F.3d 617, 621 (1st Cir. 2000).

Here, Plaintiff's Section 1983 claim is predicated on the PRPB Officer's alleged violations of her Fourth and Fourteenth Amendment rights under the United States Constitution. However, if co-defendants enjoy immunity under the Eleventh Amendment, any liability under Section 1983 would be abrogated. Plainly, the Supreme Court has stated that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity" and thus Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Moreover, "a state agency [with Eleventh Amendment immunity]. . .may [also not] be sued for damages in a section 1983

action." Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 700 (1st Cir. 1995) (*citing* Johnson v. Rodríguez, 943 F.2d 104, 108 (1st Cir. 1991)); *see also* Negrón-Almeda v. Santiago, 528 F.3d 15, 19 (1st Cir. 2008) ("This is so because Section 1983 did not abrogate an unconsenting state's Eleventh Amendment immunity from being sued in damages in federal court." (*quoting* Vicenty-Martell v. Estado Libre Asociado De P.R., 48 F.Supp.2d 81, 92 (D.P.R. 1999))). The Court thus reviews whether co-defendants possess immunity under the Eleventh Amendment.

The Eleventh Amendment of the United States' Constitution states: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. In short, the Eleventh Amendment provides that states cannot be sued by a private party in federal court. *See* Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) ("The very object and purpose of the [Eleventh] Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." (*quoting* In re Ayers, 123 U.S. 443, 505 (1887))). The First Circuit has long held that Puerto Rico enjoys Eleventh Amendment immunity. *See e.g.* Borrás-Borrero v.

Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 33 (1st Cir. 2020) ("Puerto Rico is treated as a state for Eleventh Amendment purposes. . ."); Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 530 n.23 (1st Cir. 2009) ("We further note that '[t]he Commonwealth of Puerto Rico is treated as a state for purposes of Eleventh Amendment immunity analysis.'" (*quoting* Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006))); Irizarry-Mora v. Univ. of Puerto Rico, 647 F.3d 9 (1st Cir. 2011); Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). Moreover, "an administrative arm of the state is treated as the state itself for the purpose of the Eleventh Amendment, and it thus shares the same immunity." Vaquería Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)); *see also* Rodriguez Velazquez v. Autoridad Metropolitana de Autobuses, 502 F.Supp.2d 200, 206 (D.P.R. 2007) (Eleventh Amendment immunity extends "to governmental entities which are deemed an arm or alter ego of the state."); Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.*,* 322 F.3d 56 (1st Cir. 2003).

It is settled law that the PRPB is an arm of the Commonwealth and thus shares its Eleventh Amendment immunity. *See* Santiago-Rodriguez v. Puerto Rico, 546 F.Supp.3d 155, 159 (D.P.R. 2021)

Civil No. 24-1101(GMM)
Page -11-

("The [PRPB] is an arm of the state, falling within the purview of the Eleventh Amendment." (*citing* <u>Vaquería Tres Monjitas, Inc.</u>, 587 F.3d at 477)); <u>Arroyo v. Puerto Rico Police Department</u>, 60 F.Supp.3d 327, 330 (D.P.R. 2014); <u>Nieves Cruz v. Com. of Puerto Rico</u>, 425 F.Supp.2d 188, 192 (D.P.R. 2006); <u>Sánchez Ramos v. Puerto Rico Police Department</u>, 392 F.Supp.2d 167, 177 (D.P.R. 2005).

Here, Plaintiff's Section 1983 cause of action against the Commonwealth and the PRBP for the actions of the PRBP Officers clearly falls within the scope of claims disallowed under Eleventh Amendment sovereign immunity. Accordingly, Plaintiff's claims under Section 1983 and the Fourth and Fourteenth Amendments of the United States' Constitution are **DISMISSED.³**

B. <u>State Torts Claim</u>

In her Amended Complaint, Plaintiff also brings a torts claim against co-defendants under the Puerto Rico Civil Code. (Docket No. 11 ¶¶ 95-109). "The Eleventh Amendment prevents damages suits against a state in federal court without the state's consent." <u>Burgos v. Fontanez-Torres</u>, 951 F.Supp.2d 242, 253 (D.P.R. 2013)

---

³ The Court notes that Plaintiff also requested injunctive and declaratory relief. Although one exception to Eleventh Amendment immunity is that a party may bring "a suit against a <u>state officer</u> in federal court for prospective declaratory or injunctive relief under federal law," *see* <u>Asociación De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza</u>, 484 F.3d 1, 24 (1st Cir. 2007) (*citing* <u>Ex Parte Young</u>, 203 U.S. 123, 155 (1908)(emphasis added), co-defendants in the present motion are not the PRPB Officers implicated in this case. Thus, the Court declines to further address this point in ruling on the present Motion to Dismiss Amended Complaint.

Civil No. 24-1101(GMM)
Page -12-


(*citing* U.S. Const. Amend. XI and <u>Medina-Medina v. Puerto Rico</u>, 769 F.Supp.2d 77, 80 (D.P.R. 2011)). Here, the Puerto Rico general tort statutes lack "an explicit waiver of the Commonwealth's sovereign immunity. And Law 104,. . .which abrogates the Commonwealth's immunity with respect to negligence suits filed against the Commonwealth. . .in [state courts], does not extend that waiver to suits filed in federal court." <u>Díaz-Fonseca v. Puerto Rico</u>, 451 F.3d 13, 33 (1st Cir. 2006); *see also* <u>Pagan v. Puerto Rico</u>, 991 F.Supp.2d 343, 347 (D.P.R. 2014). Accordingly, co-defendants' Eleventh Amendment immunity also functions to bar Plaintiff's state law torts claim and the Court thereby **DISMISSES** it.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' Motion to Dismiss Amended Complaint. (Docket No. 13). As such, Plaintiff's claims[4] pursuant to Section 1983 against the Commonwealth and the PRPB are **DISMISSED WITH PREJUDICE.** Plaintiff's claims pursuant to Puerto Rico's torts statutes are **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

---

[4] The Court notes that it is unnecessary for it to directly address the two other derivative causes of action in the Amended Complaint, to wit "Insurance Companies Are Jointly and Severally Liable" and "Attorneys Fees and Prejudgment Interest." *See* (Docket No. 11 ¶¶ 110-114). Such claims are rendered moot by the Court's dismissal of Plaintiff's Section 1983 and torts claim against co-defendants.

**Civil No. 24-1101(GMM)**
**Page -13-**


In San Juan, Puerto Rico, July 18, 2024.


                                        s/Gina R. Méndez-Miró
                                        GINA R. MÉNDEZ-MIRÓ
                                        UNITED STATES DISTRICT JUDGE